UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
ANTOINETTE J.                   :
                                :
     plaintiff,                 :
                                :
v.                              :     CASE NO. 3:23-cv-0194 (MPS)
                                :
KILOLO KIJAKAZI,                :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
     defendant.                 :
```

**RECOMMENDED RULING ON PENDING MOTIONS**

Antoinette J. ("plaintiff") appeals the final decision of the Commissioner of Social Security ("the Commissioner" or "defendant") pursuant to 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application for Social Security Disability Benefits in a decision dated July 29, 2022. Plaintiff timely appealed to this Court. Currently pending are plaintiff's motion for an order reversing or remanding her case for a hearing (dkt. #15) and defendant's motion to affirm the decision of the Commissioner (dkt. #20).

For the following reasons, the Court recommends that the Commissioner's motion to affirm should be GRANTED and plaintiff's motion to remand should be DENIED.

1

I.  **Legal Standard**

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981).  "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . ." 42 U.S.C. § 405(g).  Accordingly, the court may not make a *de novo* determination of whether a plaintiff is disabled in reviewing a denial of disability benefits.  Id.; Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles in reaching his conclusion, and whether the decision is supported by substantial evidence.  Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987).

Therefore, absent legal error, this court may not set aside the decision of the Commissioner if it is supported by substantial evidence.  Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).  Further, if the Commissioner's decision is supported by substantial evidence, that decision will be sustained, even where there may also be substantial evidence to

support the plaintiff's contrary position.  Schauer v. Schweiker, 675 F.2d 55, 57 (2d Cir. 1982).

The Second Circuit Court of Appeals has defined substantial evidence as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Substantial evidence must be "more than a mere scintilla or a touch of proof here and there in the record."  Williams, 859 F.2d at 258.

The Social Security Act ("SSA") provides that benefits are payable to individuals who have a disability.  42 U.S.C. § 423(a)(1).  "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . .."  42 U.S.C. § 423(d)(1)(A).  To determine whether an individual is disabled within the meaning of the SSA, the Administrative Law Judge ("ALJ") must follow a five-step evaluation process as promulgated by the Commissioner.[1]

---

[1] The five steps are as follows: (1) the Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the

To be considered disabled, an individual's impairment must be "of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[2]

## II. Procedural History

Plaintiff initially filed for Social Security Disability Insurance Benefits under Title II and Supplemental Security Income Benefits under Title XVI on May 21, 2021. (R. 37).[3] Following an initial denial and then denial on reconsideration, Administrative Law Judge Ronald J. Thomas held a hearing on May

---

regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him or her disabled without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)–(v).
[2] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if he applied for work." Id.
[3] The Court cites pages within the administrative record as "R. __."

4, 2022.  (R. 52).  Following the hearing, ALJ Thomas issued a written decision denying plaintiff's application on July 29, 2022.  (R. 46).  Plaintiff thereafter sought review by the Appeals Council, which was denied on December 19, 2022.  (R. 1).  Plaintiff then timely filed this action seeking judicial review.  (Dkt. #15).

III. **The ALJ's Decision**

After applying the five-step evaluation process, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act from her alleged onset date of June 30, 2019, through the date of the ALJ's decision.  (R. 46).  At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity between her alleged onset date and the date of the decision.  (R. 39).[4]  At step two, the ALJ found that plaintiff had the following severe impairments: interstitial cystitis and anxiety disorder.  (R. 40).

At step three, the ALJ found that plaintiff's severe impairments did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Part 404, Subpt. P, App. 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and

---

[4] The ALJ found that plaintiff had participated in some work activity during the relevant period but found it did not rise to the level of substantial gainful activity because her earnings ($476 in the fourth quarter of 2021) did not exceed substantial gainful activity thresholds.  (R. 39-40).

416.926). (R. 40). The ALJ specifically considered plaintiff's condition under Listing 6.00 pertaining to genitourinary disorders but found there was no medical evidence meeting the listing criteria. Id. The ALJ also considered plaintiff's weight loss under Listing 5.08 but found that plaintiff's BMI was between 20-21. Id. Lastly, the ALJ considered plaintiff's mental impairment under Listing 12.04. However, the ALJ found that plaintiff's impairment did not cause at least two "marked" limitations or one "extreme" limitation and therefore the "paragraph B" criteria of Listing 12.04 were not satisfied, and plaintiff did not require significant assistance to maintain adaptive functioning or have functioning only within the scope of regimented assistance, therefore "paragraph C" criteria were not satisfied. (R. 40-41).

At step four, the ALJ found plaintiff had the residual functional capacity

> to perform light work as defined in 20 CFR 404.1567(B) and 416.967(B) except that she is limited to: avoiding hazards such as heights, vibrations, and dangerous machinery (including driving); and occasional bending, balancing, twisting, squatting, kneeling, crawling, and climbing, but no climbing of ropes, scaffolds, or ladders. The [plaintiff] is capable of performing simple, routine, and repetitious work that does not require teamwork or working closely with the public, and limited to occasional interaction with coworkers and supervisors, and no interaction with the public.

(R. 42).

In formulating plaintiff's residual functional capacity ("RFC"), the ALJ considered plaintiff's testimony and determined that while her medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 43). The only medical opinions in the record which opined as to plaintiff's functional limitations were the prior State agency (DDS) assessments at the initial and reconsideration stages. (R. 44). These assessments opined that plaintiff could perform light exertion work with additional limitations. Id. Additionally, the ALJ found that plaintiff's treatment for interstitial cystitis had been conservative and limited. Id. The ALJ made this finding after considering the medical evidence in plaintiff's record, including that plaintiff stopped seeing her established providers for her interstitial cystitis in August 2021, after which she only attended one telehealth visit with a new provider in March 2022. (R. 43). Lastly, the ALJ noted that no objective medical evidence, clinical testing, or medical opinions demonstrated limitations such that plaintiff could not perform at least light work. (R. 44).

The ALJ then concluded that plaintiff was unable to perform past relevant work as an elementary school teacher because that

past work exceeds plaintiff's residual functional capacity ("RFC"). (R. 45). At step five, the ALJ concluded that given plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform, thus finding plaintiff "not disabled." (R. 45-46).

### IV. Discussion

Plaintiff argues that the ALJ erred in evaluating plaintiff's subjective symptoms and in formulating plaintiff's RFC. (Dkt. #15-1 at 15, 22). The Court will address each argument in turn.

*A. The ALJ did not commit legal error in declining to credit plaintiff's subjective complaints.*

The Social Security regulations "provide a two-step process for evaluating a claimant's assertions of pain and other limitations." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (citing 20 C.F.R. § 404.1529(b)). "At the first step, the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." Id. If a claimant does suffer from a medically determinable impairment, at the second step the ALJ will consider "the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" of record. Id. (citing 20

C.F.R. § 404.1529(a)). When a claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." Meadors v. Astrue, 370 F. App'x 179, 183 (2d Cir. 2010). In making this inquiry, the ALJ must consider: "(i) [claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [claimant] take[s] or ha[s] taken to alleviate [claimant's] pain or other symptoms; (v) Treatment, other than medication, [claimant] receive[s] or ha[s] received for relief of [claimant's] pain or other symptoms; (vi) Any measures [claimant] use[s] or ha[s] used to relieve [] pain or other symptoms ...; and (vii) Other factors concerning [claimant's] functional limitations and restrictions due to pain or other symptoms." 20 C.F.R. § 404.1529(C)(3).

The Second Circuit has found that these regulations do not require an ALJ to "accept the claimant's subjective complaints without question." Genier, 606 F.3d at 49. Instead, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence in the record." Id. The ALJ's findings regarding the severity of symptoms and evaluation of plaintiff's subjective complaints

9

"are entitled to great deference and therefore can be reversed only if they are patently unreasonable." Sheila Renee H. v. Kijakazi, No. 3:21-CV-00944-TOF, 2022 WL 4181723, at *7 (D. Conn. Sept. 13, 2022) (internal citations omitted) (quoting Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997)).

Here, the ALJ considered the factors required by the regulations in evaluating plaintiff's subjective complaints of pain. In making his evaluation, the ALJ considered plaintiff's daily activities, including plaintiff's testimony that "she is able to wash and dress herself, but her medications causes [sic] skin irritation...she is able to wash a few dishes, but otherwise her sister does most of the household chores." (R. 42). Additionally, the ALJ noted that plaintiff "indicated that she is able to perform activities of daily living independently but with difficulty." (R. 43). The ALJ considered plaintiff's testimony regarding the duration, frequency, and intensity of her pain, noting that plaintiff testified to "being in pain 2-3 times a day, with a baseline uncomfortableness of 5/10, but increases to a 9-10/10 when she eats." (R. 42). The ALJ also considered the medications plaintiff uses to treat her pain and symptoms and the side effects of those medications. (R. 43). Lastly, the ALJ recounted plaintiff's treatment history for her

interstitial cystitis and determined that it was "conservative and limited." (R. 43-44).

After considering these factors, the ALJ determined that plaintiff's statements "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. 43). Plaintiff argues that this determination constitutes a "complete discounting" of her subjective complaints of pain. (Dkt. #15-1 at 19). The Commissioner argues that the ALJ properly considered plaintiff's treatment history in deciding not to fully credit plaintiff's complaints. The Commissioner points to the fact that plaintiff did not treat for interstitial cystitis after August 2021, and did not pursue treatment options recommended by her physicians. (Dkt. #20-1 at 5–6).

Upon review, the record contains substantial evidence to support the ALJ's evaluation of plaintiff's subjective complaints. As the Commissioner notes, at plaintiff's final appointment with Dr. Sierra in August 2021, Dr. Sierra referred plaintiff to a chronic pain specialist and recommended plaintiff come into the office for a pelvic exam and consider hydrodistension. (R. 470). Plaintiff did not pursue the chronic pain specialist referral, undergo a pelvic exam, or

11

follow up with her providers regarding the option of hydrodistension. Plaintiff was also recommended to consider off-label Interstim or medical marijuana to manage her pain associated with interstitial cystitis. (R. 364). Plaintiff did not pursue these options. At the time of the ALJ hearing, the record does not reflect plaintiff seeing a provider in person or undergoing any treatment for eight months.

Plaintiff also argues that the ALJ "misstated a large portion of the medical evidence of record" in his evaluation of plaintiff's subjective complaints of pain. (Dkt. #15-1 at 15). Plaintiff argues that the "only treatment notes that the ALJ recited support [plaintiff's] complaints." Id. Additionally, plaintiff argues that Dr. Freedman, an independent medical examiner, credited plaintiff's complaints during his evaluation of her on December 16, 2021. (Dkt. #15-1 at 17). However, the notes which plaintiff claims are consistent with her complaints merely reflect the complaints which plaintiff herself reported to her providers. (Dkt. #15-1 at 17–18). Those notes do not opine on plaintiff's functional limitations or evaluate whether plaintiff's complaints are consistent with her medical condition. Additionally, Dr. Freedman's examination of plaintiff does not contain a determination regarding whether plaintiff's complaints should be credited. (R. 620-25). Instead, Dr. Freeman's evaluation included a history of

plaintiff's illness, a physical examination, and a range of motion report form.  Id.  The portions of Dr. Freedman's examination which recite plaintiff's complaints are contained in the history section of his examination.  (R. 620).

The only medical opinions contained in the record that opine on plaintiff's functional limitations are those of the State agency consultants, Dr. Aaron and Dr. Barrett.  (R. 87, 112).  "State agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation and these opinions may constitute substantial evidence if they are consistent with the record as a whole."  Kelly L. V. v. Comm'r of Soc. Sec. Admin., No. 3:21CV00577(SALM), 2022 WL 986161, at *9 (D. Conn. Apr. 1, 2022) (quoting Lumpkin v. Saul, No. 3:19CV01159(WIG), 2020 WL 897305, at *6 (D. Conn. Feb. 25, 2020)).  The opinions of Dr. Aaron and Dr. Barrett conclude that plaintiff's statements regarding her symptoms were not entirely consistent with the medical and non-medical evidence contained in plaintiff's file.  (R. 87, 112).

The Court finds that the ALJ concluded on permissible grounds that plaintiff's subjective complaints were not fully consistent with the medical record and treatment history, and that the ALJ did not misstate evidence contained in the medical record.

13

Therefore, the ALJ did not commit legal error in his evaluation of plaintiff's subjective complaints of pain.

> *B. The ALJ's formulation of plaintiff's RFC is supported by substantial evidence.*

When an individual's impairment does not meet or equal a listed impairment at step three, the ALJ will "make a finding [of the individual's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 404.1520(e). An individual's RFC is the most an individual can still do despite his or her limitations. Id. § 404.1545(a)(1). Plaintiff bears the burden of establishing a diminished RFC. *See* Butts v. Barnhart, 388 F.3d 377, 383 (2d Cir. 2004). An "RFC determination must account for limitations imposed by both severe and nonsevere impairments." Parker-Grose v. Astrue, 462 F. App'x 16, 18 (2d Cir. 2012).

Plaintiff's argument that the ALJ erred in formulating her RFC has two parts. First, plaintiff contends that the RFC is flawed because it does not correspond to plaintiff's testimony regarding her exertional limitations. (Dkt. #15-1 at 24). This contention is substantively the same as plaintiff's argument that the ALJ improperly evaluated her subjective complaints of pain. Essentially, plaintiff argues that had the ALJ credited her testimony, he would have formulated a more limited RFC.

Having already determined that the ALJ did not err in evaluating plaintiff's subjective complaints, the Court turns to the second part of plaintiff's RFC argument.

Plaintiff next argues that the ALJ failed to consider her non-exertional limitations. (Dkt. #15-1 at 24). Specifically, plaintiff argues that the ALJ failed to consider that plaintiff cannot focus because of pain and hunger due to her limited diet. Id. During the hearing, plaintiff testified that she was having difficulty working as a tutor because she struggled to study the required materials in preparation for tutoring sessions and struggled with focus during the sessions. (R. 72—74). When the ALJ inquired as to whether plaintiff could perform work where she did not have to focus too hard, plaintiff stated that she could not because she photocopied things upside down when she was working as a teacher. (R. 73—74). Plaintiff then began speaking about limitations due to skin irritation. (R. 74).

As noted above, plaintiff bears the burden of proving disability. However, the testimony summarized above presented relatively limited evidence regarding her issues with focus. Additionally, the RFC formulated by the ALJ limits plaintiff to simple, routine, and repetitious work, disqualifying plaintiff from her previous work as a teacher or a tutor, which are the positions for which plaintiff testified to having focus issues.

15

(R. 42, 45). Plaintiff did not offer additional evidence to establish that her issues with focus render her incapable of simple work. Considering that plaintiff bears the burden of establishing disability and presented relatively limited evidence regarding her focus issues, and the RFC formulated by the ALJ restricted plaintiff to simple, routine, and repetitious work even where the medical opinions in the record did not, plaintiff has failed to show that the ALJ's RFC formulation is not supported by substantial evidence. Accordingly, plaintiff is not entitled to remand on this ground.

V.   **Conclusion**

Based on the foregoing reasons, the Court recommends that the Commissioner's motion for an order affirming the decision of the Commissioner (Dkt. #20) should be GRANTED and plaintiff's motion for an order to reverse or remand the decision of the Commissioner (Dkt. #15) should be DENIED.

This is a recommended ruling. **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** *See* Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days may preclude appellate review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), & 72; D. Conn. L. Civ. R. 72.2(a); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir.

1995); <u>Small v. Sec'y of H.H.S.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

It is so ordered this 22nd day of January 2024, at Hartford, Connecticut.

```
             _____/s/_____
             Robert A. Richardson
             United States Magistrate Judge
```