UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTOINETTE J.,[1] | ) | 3:23-CV-00194 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY,[2] | ) | |
| *Defendant*. | ) | March 27, 2024 |

## ORDER ADOPTING RECOMMENDED RULING

Sarala V. Nagala, United States District Judge.

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) requesting a review of a final decision by the Commissioner of Social Security ("Defendant," or the "Commissioner") that denied Plaintiff Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. Currently pending before this Court are Plaintiff's Motion for Order Reversing the Decision or, In the Alternative, Motion for Remand (ECF No. 15), and Defendant's Motion for Order Affirming the Decision of the Commissioner (ECF No. 20). On January 22, 2024, Magistrate Judge Robert A. Richardson issued a Recommended Ruling (ECF No. 21), recommending that this Court deny Plaintiff's motion and grant the Commissioner's. Plaintiff timely objected to Judge Richardson's ruling (ECF No. 22), and Defendant filed a response to Plaintiff's objection (ECF No. 24).

---

[1] In opinions issued in cases filed pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), in order to protect the privacy interest of social security litigants while maintaining public access to judicial records, this Court identifies and references any non-government party solely by first name and last initial. *See* Standing Order – Social Security Cases (D. Conn. Jan. 8, 2021).

[2] On December 20, 2023, Martin O'Malley replaced Kilolo Kijakazi as Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is directed to substitute Martin O'Malley for Kilolo Kijakazi in this action.

For the reasons that follow, the Recommended Ruling is ADOPTED. Accordingly, Plaintiff's motion to reverse or remand is DENIED and Defendant's motion to affirm is GRANTED.

I. **BACKGROUND**

The Court assumes the parties' familiarity with the underlying facts and the record. The Court adopts and incorporates by reference Plaintiff's medical history, as summarized in her statement of facts, ECF No. 15-1 at 3–13, which the Commissioner adopts, ECF No. 20-1 at 2. The Court will also assume familiarity with the five sequential steps used in the analysis of disability claims and the Administrative Law Judge's (ALJ's) opinion, both of which were described in Judge Richardson's Recommended Ruling, ECF No. 21 at 2–8. The Court will only cite portions of the record and the legal standards necessary to explain its decision.

II. **STANDARD OF REVIEW**

A. Recommended Rulings

If a party makes a timely objection to a Magistrate Judge's recommended ruling in a social security appeal, the district court reviews *de novo* those portions of the recommended ruling to which the objection has been made. The district court may adopt, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court reviews only for clear error those portions of the recommended ruling to which no timely objections have been made.

B. Commissioner's Decision

It is well-settled that a district court will reverse the decision of the Commissioner as to whether a claimant is disabled only when it is based upon legal error or when it is not supported by substantial evidence in the record. *See, e.g.*, *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir.

2015) (*per curiam*); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the [Commissioner's] findings were supported by substantial evidence, 'the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (*per curiam*) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (*per curiam*)). "Under this standard of review, absent an error of law, a court must uphold the Commissioner's decision if it is supported by substantial evidence, even if the court might have ruled differently." *Campbell v. Astrue*, 596 F. Supp. 2d 446, 448 (D. Conn. 2009). The court must therefore "defer to the Commissioner's resolution of conflicting evidence," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012), and reject the Commissioner's findings of fact only "if a reasonable factfinder would *have to conclude otherwise*," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012). Stated simply, "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian*, 708 F.3d at 417.

## III.   DISCUSSION

For the reasons below, the Court adopts in full Judge Richardson's Recommended Ruling ("RR"). Plaintiff appears to object to most, if not all, of the RR. As to the portions objected to, the Court agrees with Judge Richardson that the ALJ erred neither in his assessment of Plaintiff's reports of subjective symptoms, nor in his formulation of Plaintiff's residual functional capacity

(RFC). To the extent Plaintiff has not objected to any particular portions of the RR, the Court finds no clear error.

### A. Recommended Ruling

Judge Richardson's RR rejected Plaintiff's claims of error in the ALJ's decision to deny her disability benefits.

First, the RR held that the ALJ "considered the factors required by the regulations in evaluating plaintiff's subjective complaints of pain," and that his determination that her statements were not "entirely consistent with the medical evidence and other evidence in the record" was supported by substantial evidence. ECF No. 21 at 10–11. The RR noted that Plaintiff had not seen a provider regarding her interstitial cystitis (IC) for eight months prior to the ALJ hearing, had not followed up on various treatment options recommended for consideration by her providers, and that any notes regarding her pain in the medical record "merely reflect[ed] the complaints which plaintiff herself reported to her providers." *Id.* at 11–12. Further, the RR found that the ALJ properly relied on the opinions of the State agency consultants, Drs. Aaron and Barrett, who also concluded her statements were not entirely consistent with the medical and non-medical evidence submitted. *Id.* at 13.

Second, the RR upheld the ALJ's formulation of the RFC, which found that Plaintiff was capable of "light work," with certain limitations on specific movements and her interactions with others. *Id.* at 14; *see also* Social Security Transcript ("Tr."), ECF No. 11 at 42. The court found that, with respect to her exertional limitations, Plaintiff's argument essentially restated her argument that the ALJ should have given greater weight to her subjective reports, an argument that the RR had already rejected. ECF No. 21 at 14–15. With respect to her non-exertional limitations, the RR found that Plaintiff's relatively limited evidence (testimony only) that she had difficulty

remaining focused and on-task in her tutoring position was insufficient to demonstrate that the RFC was not supported by substantial evidence, especially where the RFC limited her to "simple, routine, and repetitious work." *Id.* at 15–16.

Thus, Judge Richardson recommended upholding the ALJ's decision to deny Plaintiff disability benefits.

B. <u>Plaintiff's Objections</u>

Plaintiff timely filed objections to the RR. Like the arguments made in support of her motion to reverse or remand, her objections fall into two buckets: (1) objections to the RR's holding that the ALJ appropriately declined to credit her subjective complaints; and (2) objections to the RR's holding that the ALJ appropriately formulated an RFC.

*1. ALJ's Alleged Failure to Credit Plaintiff's Subjective Complaints*

Plaintiff first objects to the "RR's finding that the ALJ's decision and evaluation of Ms. Johnson's pain and other subjective symptoms was supported." ECF No. 22 at 2. The Court agrees with the RR.

In support of this objection, Plaintiff raises two points. First, she argues that the ALJ was required to "consider and address reasons for not pursuing treatment that are pertinent to an individual's case," before concluding her subjective complaints were "not entirely consistent" with the record—a conclusion which appears to have been at least partially based on her failure to pursue recommendations made by her providers or to consult a provider in person for eight months prior to the hearing. *Id.* at 2; *see also* ECF No. 21 at 11–12. Plaintiff's objection to the RR argues, for the first time, that her desperate financial situation, her move to Florida (which required her to see her Connecticut providers remotely), and the cost and unproven effects of the recommended treatments are reasons she did not pursue her providers' recommendations or receive in-person

5

treatment in the months preceding the hearing. ECF No. 22 at 2–4. Her argument that these factors should have been considered finds support in Social Security Ruling 16-3p, which specifically provides that "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints," the Commissioner will not find this "inconsistent with the evidence in the record . . . without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." *See Soc. Sec. Ruling 16-3p Titles II & Xvi: Evaluation of Symptoms in Disability Claims*, SSR 16-3P (S.S.A. Oct. 25, 2017), 2017 WL 5180304, at *9. Ruling 16-3p details that, the Commissioner may consider, among other things, whether an individual is unable to afford treatment or medical services. *Id.* at *10.

However, it is "well established that an argument raised for the first time in an objection to a recommended ruling is waived." *Corbit v. Colvin*, No. 3:13CV1587 (JBA), 2015 WL 9308221, at *6 (D. Conn. Dec. 22, 2015) (citing cases); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 279 (D. Conn. 2008) ("If this court were to consider these untimely arguments, it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments."). Plaintiff had the opportunity to raise this argument in her motion or in a reply to Defendant's motion, which she chose not to submit. Because she did not do so, and therefore did not raise the argument before Judge Richardson, this Court declines to consider it.[3]

---

[3] The Court notes that the failure to consider reasons for not seeking treatment, while legal error, is not in itself reversible error where the credibility decision rests on other substantial record evidence. *See Snyder v. Colvin*, 667 F. App'x 319, 320 (2d Cir. 2016) (summary order). Here, as the RR found, the decision was based on factors beyond the limited nature of Plaintiff's treatment, including the consultative examination and the reports of the State agency consultants. *See* ECF No. 21 at 12–13; Tr. 43–44.

Next, Plaintiff objects to the "RR's finding that 'the ALJ considered the factors required by the regulations in evaluating plaintiff's subjective complaints of pain' specifically relating to [Plaintiff's] daily activities." ECF No. 22 at 4 (citing ECF No. 21 at 10). Plaintiff argues that the ALJ glossed over the bulk of Plaintiff's testimony regarding her activities and that, to the extent her activities were held against her in the credibility determination, this was error. *Id.* at 4–5.

This objection, too, is overruled. As noted in the RR, when a claimant's allegations regarding pain are not substantiated by objective medical evidence, an ALJ "engage[s] in a credibility inquiry," in which they assess all information submitted regarding symptoms, including a claimant's "daily activities." ECF No. 21 at 9 (citing *Meadors v. Astrue*, 370 Fed. App'x 179, 183 (2d Cir. 2010) (summary order) and 20 C.F.R. § 404.1529(c)(3)). Here, the ALJ clearly took note of Plaintiff's evidence concerning her daily activities—he recognized that she had a "mild limitation" in adapting or managing herself due to her "difficulties in performing most activities of daily living," that she tutored 3-5 hours per week, had difficulty eating, was able to wash herself and a few dishes but otherwise did not assist with household chores, and could "perform activities of daily living independently but with difficulty." Tr. 41–43. The ALJ cited to the functional report submitted by Plaintiff, *see* Tr. 43 (citing Tr. 271–80), and discussed her testimony, *see* Tr. 42–43. To be sure, the ALJ's summary is high-level, and there was evidence regarding Plaintiff's daily activities the ALJ did not specifically cite, *see* ECF No. 22 at 4; however, as the Commissioner notes, a "failure to cite specific evidence does not indicate that such evidence was not considered." *See Brault*, 683 F.3d at 448. The Court agrees with Judge Richardson that the ALJ's decision reflects that he appropriately considered Plaintiff's daily activities in his evaluation of her symptoms, as required by the regulation.

7

Nor does it appear, as suggested by Plaintiff, that the ALJ improperly held her limited activity against her with respect to determining her credibility. *See* ECF No. 22 at 4–5 (citing cases, *e.g*, *Balsamo v. Chater*, 142 F.3d 75, 81–82 (2d Cir. 1998) (holding that a disabled person's engagement in certain limited activities should not be "[held] . . . against him in determining benefits unless his conduct truly showed that he is capable of working")). Rather, it appears that the ALJ based his conclusion that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record" on his evaluation of the medical and opinion evidence that had been submitted, not on any inconsistency with respect to the activities she engaged in. *See* Tr. 42–44. The ALJ supported this conclusion with substantial evidence from the record. For instance, the ALJ cited to portions of the medical record that noted Plaintiff's IC symptoms had improved with her amitriptyline medication and she was experiencing no side effects in May of 2020,[4] *see* Tr. 43 (citing Tr. 387), to notes from her urologist that indicated she was in no "obvious discomfort" at her May 2021 appointment, *see id.* (citing Tr. 458), to the consultative report which found Plaintiff demonstrated normal physical abilities, *see id.* (citing Tr. 620), and to notes from a provider noting Plaintiff was in "no acute distress" and appeared to have a normal mood and affect, *see id.* (citing Tr. 664).

In terms of opinion evidence, the ALJ also properly considered the opinions of the State agency consultants, who both concluded that Plaintiff's statements were not entirely consistent with the medical record and that she was capable of performing light work. *See* Tr. 87, 89, 112, 114; *see also Kelly L. V. v. Comm'r of Soc. Sec. Admin.*, No. 3:21CV00577(SALM), 2022 WL

---

[4] Plaintiff sought benefits going back to June 30, 2019. *See* Tr. 37, 220. Notably, it is the claimant who "bears the ultimate burden of proving that [she] was disabled throughout the period for which benefits are sought." *See Greek*, 802 F.3d at 374.

8

986161, at *9 (D. Conn. Apr. 1, 2022) ("State agency medical and psychological consultants are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation and these opinions may constitute substantial evidence if they are consistent with the record as a whole." (citation omitted)).  The record reflects that the ALJ considered the totality of the evidence at his disposal, and that his conclusions were based on substantial evidence.

Certainly, the ALJ could have come to a different conclusion.  Plaintiff consistently described intense and debilitating symptoms, including pain, *see, e.g.*, Tr. 271–280 (Plaintiff's functional report), and provider notes throughout the relevant time period indicate that she reported these symptoms and sought solutions for them, *see, e.g.*, Tr. 368 (reporting skin irritation and limited diet), 384 (reporting worsening IC symptoms and difficulties eating), 458 (reporting skin and bladder burning), 621 (reporting pelvic pain with movement during consultative exam).  And, as the ALJ recognized, she had limited success with various treatments.  *See* Tr. 43 (noting Plaintiff reported only "minimal improvement" with bladder instillations, and felt that the amitriptyline is "not effective").  In this vein, Plaintiff originally argued that the ALJ had cherry-picked evidence to support his finding.  However, the Court cannot say that the ALJ's credibility determination was "patently unreasonable," especially where he was required to resolve conflicting evidence regarding the severity of Plaintiff's symptoms.  *See Sheila Renee H. v. Kijakazi*, No. 3:21-CV-00944-TOF, 2022 WL 4181723, at *7 (D. Conn. Sept. 13, 2022) (quoting *Pietrunti v. Dir. Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997).  Regardless of how this Court "might have ruled," the Court finds that because the ALJ's conclusions regarding Plaintiff's credibility and her subjective complaints were supported by substantial evidence, they must be upheld.  *See Campbell*, 596 F. Supp. 2d at 448.

*2. ALJ's Formulation of the RFC*

Plaintiff next objects to the RR's finding that the ALJ's formulation of the RFC was supported by substantial evidence. ECF No. 22 at 5. The Court agrees with the RR.

She first argues that "all substantial evidence" supports Plaintiff's "allegation of total disability." *Id.* Next, she argues that the ALJ erred in not making a finding regarding her likelihood of absenteeism and off-task time (a finding which she argues would have precluded the ultimate RFC reached by the ALJ). *Id.* at 6. As both of these arguments were pressed before the Magistrate Judge, *see* ECF No. 15-1 at 23–25, they are reviewed only for clear error as applied to the RR. *See Johnston v. Colvin*, No. 3:13-CV-00073 (JCH), 2014 WL 1304715, at *1 (D. Conn. Mar. 31, 2014) ("Where the objecting party simply reiterates her original argument, the court reviews the Magistrate Judge's recommended ruling only for clear error."). However, regardless of whether the Court reviews for clear error or engages in a *de novo* review, Plaintiff's contentions are unavailing.

The Court agrees with the RR that the RFC was based on substantial evidence. The RFC limits Plaintiff to light work, imposes further limitations on certain activities, and finds her "capable of performing simple, routine, and repetitive work that does not require teamwork or working closely with the public," and affords only limited interaction with coworkers and no interaction with the public. Tr. 42. To the extent Plaintiff continues to argue that the RFC was improperly formulated because it was based on the ALJ's improper discounting of her statements, that argument is rejected for the reasons discussed above. *See also* ECF No. 21 at 14–15. Only Plaintiff's statements supported her position that she was incapable of any form of work or the exertional capacity required for light work—as these were properly discounted and weighed, the ALJ was entitled to conclude (based on, among other evidence, the consultative examination and

the State consultants' reports) that Plaintiff was in fact capable of the exertional demands of light work.

Plaintiff's argument that a finding for absenteeism and off-task time was required fares no better. As the RR noted, Plaintiff testified that she had difficulty focusing in her previous positions. *See id.* at 15. The RR found that this testimony applied only to her job as a tutor or teacher, and that the limitation of Plaintiff to "simple, routine, and repetitious work" properly accounted for any focus issues. *Id.* at 15–16. Plaintiff objects to this aspect of the RR, arguing that the restriction in her RFC does not address her issues, which would exist "irrespective of skill level," and which the vocational expert testified would lead to termination. ECF No. 22 at 6. However, the Court agrees with the RR that, especially given that at this stage, Plaintiff "carries the burden to prove a more restrictive RFC," *see Alexander, P.L. v. Kijakazi*, No. 3:22-CV-01487 (MPS) (RMS), 2023 WL 7317629, at *8 (D. Conn. Nov. 7, 2023) (citing *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (summary order)), she has not demonstrated that findings for absenteeism and off-task behavior were required. For instance, no opinion evidence was submitted to the ALJ that supported Plaintiff's statements regarding her disposition for absenteeism and off-task behavior.[5] *Cf. Stacey v. Comm'r of Soc. Sec. Admin.*, 799 F. App'x 7, 11 (2d Cir. 2020) (summary order) (reversing Commissioner's decision where ALJ improperly discounted opinion supporting Plaintiff's statements regarding off-task behavior). Moreover, notes throughout the medical record contradict Plaintiff's statements about herself. *See, e.g.*, Tr. 622 (consultative examination describing Plaintiff as "interactive and responsive" and "able to understand and follow

---

[5] Plaintiff submitted a mental residual functional capacity statement from Megan Cassano to the Appeals Council. Tr. 21–26. This statement was not before the ALJ, and the Appeals Council concluded it did not "show a reasonable probability that it would change the outcome of the decision." Tr. 2.

11

instructions"), 664 (provider notes describing Plaintiff as "alert" and "interactive"), 667 (provider notes describing Plaintiff following through with an assignment.

Given this objective evidence in the record, Plaintiff's reliance on her testimony and other subjective complaints is not sufficient to demonstrate that an off-task or absenteeism finding was required. *See Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (summary order) (emphasizing ALJ's discretion to "review[] the record evidence in its totality," and upholding ALJ's RFC); *Luz D. C. v. Saul*, No. 3:20-CV-500 (AVC), 2021 WL 6883826, at *17–18 (D. Conn. Aug. 20, 2021) (plaintiff's self-reported limitations were not sufficient to demonstrate error in failure to consider absenteeism and off-task behavior, in light of other evidence); *Wascholl v. Saul*, No. 3:19-CV-01281 (SALM), 2020 WL 2898824, at *14 (D. Conn. June 3, 2020) (rejecting argument that RFC needed limitations for off-task behavior where plaintiff "fail[ed] to identify any medical evidence to support her position"). Contrary to Plaintiff's suggestion, the RFC *does* include limitations, both exertional and non-exertional, which find a substantial basis in the record. That these limitations are "not to the degree that [Plaintiff] would have preferred or [Plaintiff] believes was warranted" is not reversible error. *See Ott v. Kijakazi*, No. 3:20-CV-00321 (KAD), 2021 WL 3146246, at *8 (D. Conn. July 26, 2021).

## IV.   CONCLUSION

For the reasons described herein, the Recommended Ruling is ADOPTED, Plaintiff's motion to reverse or remand is DENIED, and Defendant's motion to affirm is GRANTED. The Clerk is directed to enter judgment for Defendant and close this case.

**SO ORDERED** at Hartford, Connecticut, this 27th day of March, 2024.

                                          */s/ Sarala V. Nagala*
                                          SARALA V. NAGALA
                                          UNITED STATES DISTRICT JUDGE